**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH FONCHAM AKAM,<br><br>              Petitioner,<br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No. 22-460<br><br>Agency No.<br>A203-680-639<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2023
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BENNETT, Senior District Judge.[**]
Dissent by Judge BENNETT, Circuit Judge.

Petitioner Joseph Foncham Akam ("Akam"), a native and citizen of Cameroon, applied for asylum, alleging that he was persecuted by the Cameroonian military for protesting the marginalization of Anglophonic Southern Cameroonians. He challenges a decision of the Board of Immigration Appeals ("BIA") affirming an adverse credibility finding entered by an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

Immigration Judge ("IJ") and denying relief on that basis. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004), we grant the petition and remand for a new credibility determination on an open record.

Akam's asylum claim arises from two alleged incidents of political persecution at the hands of the Cameroonian military. First, Akam testified that in September 2017, the military detained, starved, and beat him for participating in a large-scale separatist demonstration in the city of Bamenda. Second, Akam testified that in May 2019, soldiers murdered his cousin, believing the cousin to be Akam, because Akam closed his convenience store on a day of solidarity declared by the separatist movement.

An Immigration Judge must consider "the totality of the circumstances, and all relevant factors" when evaluating an applicant's credibility. 8 U.S.C. § 1158(b)(1)(B)(iii). Although an IJ has substantial latitude to make credibility findings, the IJ must "provide specific and cogent reasons in support of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010) (quoting *Malkandi v. Holder*, 576 F.3d 909, 917 (9th Cir. 2009)). "For each factor forming the basis of an adverse credibility determination, the IJ should refer to specific instances in the record that support a conclusion that the factor undermines credibility." *Id.* at 1044. The IJ "must consider the petitioner's explanation for any inconsistency that is 'cited as a factor supporting an adverse credibility determination,'" *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)

(quoting *Shrestha*, 590 F.3d at 1044), and must evaluate "other record evidence that sheds light on whether there is in fact an inconsistency at all," *Shrestha*, 590 F.3d at 1044. The IJ cannot rest an adverse credibility finding on "[t]rivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity," *id.*, or on "speculation and conjecture." *Lalayan v. Garland*, 4 F.4th 822, 833 (9th Cir. 2021) (citation omitted).

The BIA relied on five perceived inconsistencies in Akam's testimony: (1) the date Akam closed his convenience store; (2) whether Akam was beaten on the legs, or the feet; (3) whether Akam suffered an eye injury; (4) whether Akam suffered a chest injury; and (5) whether Akam was harmed, or merely threatened, in Cameroon. Four of these five inconsistencies are unsupported by substantial evidence. Accordingly, we grant the petition and remand for a new credibility finding on an open record. *Cf. Barseghyan v. Garland*, 39 F.4th 1138, 1141 (9th Cir. 2022) ("We grant Barseghyan's petition for review because three out of four inconsistencies relied upon by the BIA are not supported by the record.").

## I.    Date Akam Closed his Store

Throughout Akam's asylum proceedings, Akam testified that he closed his convenience store on May 13, 2019, the day of a mass separatist demonstration. However, the "background" page of Akam's asylum application states that he closed his store in "01/2019," or January 2019. Akam argues that this is a typographical error attributable to his attorney. Although "an IJ may rely upon an inconsistency in a crucial date concerning the very event upon which a petitioner

predicated his claim for asylum." *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (cleaned up), a typographical error is an "utterly trivial inconsistency" that "under the total circumstances has no bearing on a petitioner's veracity." *Zhi*, 751 F.3d at 1091 (cleaned up). The record compels the conclusion that the difference in dates was a typographical error, not a meaningful inconsistency. Throughout the proceedings, Akam consistently stated that he closed his shop and fled Cameroon in May 2019. Moreover, the conflicting page of Akam's asylum application implausibly attributes nearly every significant date in his background to the month of January. Accordingly, the agency erred by relying on this inconsistency.[1]

## II.    Nature of Akam's Injuries

The BIA relied on three perceived inconsistencies regarding the nature of the injuries Akam suffered when he was allegedly detained and beaten in 2017. Akam testified regarding injuries "to the bottom of his feet and his left eye," while his declaration only described being beaten "under [his] legs," and his medical records reflect "blunt head, trunk, and leg injuries." Consequently, the IJ found, and the BIA affirmed, that (1) Akam inconsistently testified as to whether he was

---

[1] We need not consider Akam's claim for ineffective assistance of counsel based on this typographical error. Akam does not seek reopening, and at oral argument counsel for Akam clarified that he sought either a reversal of the IJ's conclusion that this was an inconsistency or a holding that prior counsel was ineffective; he did not express a preference for either route. Oral Arg. 00:10:20-00:12:00 (arguing that this could be viewed as a clearly erroneous finding or a due process problem, and saying that the court "could do it either way, as long as [the typographical error] is not held against Mr. Akam").

beaten "under his legs" or on "the soles of his feet;" (2) Akam's testimony regarding his eye injury was inconsistent with the remainder of his application; and (3) Akam neglected to mention the chest injury reflected in his medical records.

None of these perceived inconsistencies is supported by substantial evidence. First, the distinction between Akam's "legs" and his "feet" is not a true inconsistency, as the transcript of the removal hearing reveals that Akam viewed his "feet" as part of his "legs." *Cf. Kumar v. Garland*, 18 F.4th 1148, 1154 (9th Cir. 2021) ("Being 'beaten on [one's] arms and legs' is not inconsistent with being 'beaten all over [one's] body.'" (alterations in original)). Second, the addition of the eye injury does not alter Akam's asylum claim in any significant respect. Akam alleges that soldiers beat him on the soles of his feet with wooden sticks, and that he was struck in the eye when he reflexively lifted his legs to avoid the beating. This is a new detail, not a changed allegation—it does not affect the nature of the alleged beating or materially conflict with his narrative of events. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000) ("[T]he mere omission of details is insufficient to uphold an adverse credibility finding."). Third, the perceived inconsistency involving a chest injury is not an inconsistency at all. The IJ and counsel for the government asked Akam to clarify where he was beaten while detained, but Akam attributed the chest injury to being struck in the chest by soldiers during his arrest, not to the beating he suffered while he was in custody. Akam's confirmation that he was only "beaten" on the legs and the eye

during his detention does not conflict with or exclude a chest injury that he attributes to previous events.

### III.   Whether Akam Suffered Physical Harm or Abuse

Throughout his removal proceedings, Akam has claimed that he was detained and beaten by the Cameroonian military in September 2017. However, the signed transcript of Akam's initial interview with a Customs and Border Patrol ("CBP") Officer reflects that he was asked whether he had suffered "any physical abuse or physical harm," and that he responded in the negative. When asked why he did not inform the CBP officer of the beating he suffered in 2017, Akam explained that he struggled to understand the officer, that the officer's question was ambiguous, and that he was not afforded an opportunity to review the officer's report. The BIA rejected all three explanations, observing that the report was written in English, Akam's best language, and that Akam's signature on every page indicated that he had likely read the report.[2] Substantial evidence supports the agency's determination that this was an inconsistency.

Nevertheless, "an adverse credibility determination must be supported by substantial evidence in light of the totality of the circumstances and all relevant factors." *Barseghyan*, 39 F.4th at 1141; *Alam v. Garland*, 11 F.4th 1133, 1136–

---

[2] At oral argument, counsel for the government conceded that the IJ did not make a factual finding regarding whether Akam was indeed afforded an opportunity to review the CBP officer's report when he signed it. Because we remand on an open record, the government and Akam may submit additional evidence on this point.

37 (9th Cir. 2021) (overruling single-factor rule for affirming adverse credibility findings). The BIA relied on five perceived inconsistencies to find that Akam had not testified credibly, and four are unsupported by substantial evidence. As "the several rejected findings . . . all but gut the BIA's adverse credibility determination," *Kumar*, 18 F.4th at 1156, we grant Akam's petition for review. We hereby remand to the BIA with instructions to revisit this issue, and to make a new finding on Akam's credibility without considering the four inconsistencies that we have deemed unsupported by substantial evidence. *Cf. Barseghyan*, 39 F.4th at 1141. Additionally, we remand on an open record so that the government and Akam may submit additional evidence if they so choose.

**PETITION GRANTED; CASE REMANDED.**

*Joseph Foncham Akam v. Merrick B. Garland*, 22-460

BENNETT, Circuit Judge, dissenting:

I respectfully dissent because proper application of the substantial evidence standard requires us to defer to the Board of Immigration Appeals's ("BIA") adverse credibility determination. Under the substantial evidence standard, to overcome the BIA's adverse credibility determination, the record must be "so compelling that no reasonable factfinder could find that [the petitioner] was not credible." *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)). That is simply not the case here.

As the majority concedes, the BIA's adverse credibility determination properly rested on a crucial, indeed a compelling, inconsistency. Maj. 6. Petitioner Joseph Foncham Akam first told a Customs and Border Patrol officer that the Cameroonian military *never* physically abused or harmed him. Later, Akam claimed the exact opposite: the Cameroonian military had physically harmed him. That inconsistency went to the heart of Akam's claims of persecution—all of which were based on actions by the Cameroonian military. Thus, the BIA could give this inconsistency significant weight. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Testimony . . . about the circumstances that led to the persecution[] go to the 'heart of the claim.'" (citation omitted)); *Shrestha v. Holder*,

1

590 F.3d 1034, 1047 (9th Cir. 2010) ("[W]hen an inconsistency is at the heart of the claim it doubtless is of great weight.").

Given the extent to which this inconsistency goes to the heart of Akam's claims—casting doubt on whether he was physically harmed *at all* in Cameroon—the record is not "so compelling that no reasonable factfinder could find that [he] was not credible." *Kin*, 595 F.3d at 1054 (quoting *Farah*, 348 F.3d at 1156). Stated differently, at least one reasonable factfinder could conclude that Akam was not credible based on the major inconsistency about whether he suffered any physical harm in Cameroon. Thus, we must defer to the BIA's adverse credibility determination. *See id.*

Contrary to the majority's claim, this case is unlike *Kumar v. Garland*, 18 F.4th 1148 (9th Cir. 2021). Maj. 7. In *Kumar*, the BIA gave several reasons for its adverse credibility determination, *id.* at 1152, and we rejected "the bulk" of them, *id.* at 1151. The remaining two valid reasons—petitioner's "flat affect and [an] ambiguous inconsistency"—were simply not weighty. *Id.* at 1155; *id.* at 1153 (concluding that "so little remains in support of the adverse credibility finding"). For that reason, we found that the BIA's adverse credibility determination had been "all but gut[ted]," and we remanded the credibility issue. *Id.* at 1156. Here, in contrast, the valid inconsistency strikes at the heart of Akam's claims, and thus "*doubtless* is of great weight." *Shrestha*, 590 F.3d at 1047

(emphasis added). *Kumar* directly supports upholding the BIA's adverse credibility determination because it has not been "gutted"—it is still supported by a major, indeed a compelling, inconsistency.[1]

Because I believe that the single, valid, and very stark inconsistency fully supports the adverse credibility determination under the substantial evidence standard, it is irrelevant whether the BIA's four remaining inconsistencies are supported by substantial evidence. The majority, however, concludes that the BIA's reliance on all the remaining inconsistencies was improper, and thus it bars the BIA from considering them on remand. Maj. 7. I agree that the BIA's reliance on three inconsistencies was improper but do not agree that its reliance on the inconsistency involving Akam's alleged chest injury was improper. Thus, I disagree with the majority's conclusion that the BIA should be *precluded* from considering such inconsistency on remand.

In support of his claims, Akam submitted a medical report stating that he "sustained a blunt head, trunk and leg injuries as well as abrasion injuries" after

---

[1] To the extent that the majority relies on *Barseghyan v. Garland*, 39 F.4th 1138 (9th Cir. 2022), it is distinguishable. Maj. 7. In *Barseghyan*, we did not assess the weight of the one remaining inconsistency. *See* 39 F.4th at 1146. And *Barseghyan* cannot stand for the proposition that we must remand a credibility determination whenever only one inconsistency remains, as our en banc court has held that "[t]here is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).

being beaten by the military.  On direct examination before the immigration judge, Akam testified that he was beaten "under [his] legs," and struck in the left eye.  On cross-examination, Akam again testified that he was beaten on his legs and eye, and he clarified that the leg beatings occurred on the soles of his feet.  He then conceded that those were the only areas he was beaten.[2]  Akam eventually aligned his testimony with the medical report by disclosing the chest injuries but only after being reminded of the alleged chest injuries by the government's attorney.

Given the record, the BIA reasonably concluded that Akam's testimony conflicted with the medical report.  The BIA reasonably construed Akam's testimony as admitting that he suffered *only* leg and eye injuries while in the military's custody.  That testimony conflicted with the medical report, which states that Akam was treated for head, chest, and leg injuries.  The BIA properly relied on the conflict in support of its adverse credibility determination.  *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (holding that the BIA's adverse credibility determination properly rested on an inconsistency between petitioner's testimony that he received stitches on his left hand and a doctor's letter stating that

---

[2] The majority reasons that this testimony did not pertain to Akam's injuries when he was arrested.  Maj. 5–6.  I do not think the transcript compels that conclusion.  The line of questioning leading up to Akam's response asked where Akam was beaten while he was "detained," without expressly excluding his arrest.  Thus, the questions could be interpreted as asking about all injuries Akam suffered while he was in the military's custody, which could have included injuries he suffered when the military arrested him.

4

petitioner suffered injuries only to his "left arm and left shoulder" and received stiches on his left arm).

In my view, the BIA properly relied on the inconsistency involving the chest injury. Thus, I cannot agree with the majority's holding that the BIA is *precluded* from considering such inconsistency on remand. But even were the majority correct, that would not justify the majority's decision to grant the petition. I believe that the valid inconsistency about whether Akam was physically harmed was so glaring that it would cause any jurist to pause. And it would cause many, perhaps most, to stop. Given our standard of review, I do not believe this is a close case. Thus, I respectfully dissent.